JOURNAL ENTRY and OPINION
Defendant-appellant Caren Dean[1], hereinafter Dean, appeals from the decision of the Berea Municipal Court finding in favor of plaintiff-appellee Fairview Home Improvement, hereinafter FHI, in the amount of $871 plus costs. For the reasons adduced below, we affirm the judgment of the trial court.
The dispute between the parties to the instant case centers around the installation of a steel replacement door by FHI at Mrs. Dean's residence in Olmsted Falls, Ohio. Although Dean had no complaints with the quality of the door, shortly after the door was installed she noticed that the threshold at the bottom of the door was higher than it had been because the new threshold had been installed over the old one. Dean complained to FHI about the perceived hazard. FHI came to the house to examine the situation, and subsequently informed Dean that it could remedy the problem by installing a new threshold at a cost of $250. Dean and her husband, Edward Dean, decided that they would not pay anything extra to have the threshold fixed and informed FHI that it should send one of its representatives to pick up the door in question. The threshold that was installed by FHI was the one displayed in the FHI showroom along with the door that was purchased.
FHI filed the within suit for the value of the door that it had installed on July 29, 1998. The parties were referred to court sponsored mediation on August 28, 1998, but the mediator was unable to reach a settlement acceptable to both parties. Thereafter, the case was tried on November 18, 1999. By the time of the trial Dean had already removed the door in question.[2] Subsequent to trial, the court entered judgment for FHI in the amount of $871 plus costs.
On December 9, 1998, Dean filed a motion for reconsideration which was primarily based on a letter she received from a Robert Jackson, the Olmsted Falls Building Inspector. In this letter, Jackson opined that the two inch threshold of Dean's replacement door was substantially higher than the standard threshold. The letter states that [t]hresholds are .75 inch at most and are tapered to be as unobtrusive as possible. Jackson's opinions as to Dean's door and threshold were based wholly on representations made to Jackson by Dean. Jackson never actually inspected the door and also stated that Olmsted Falls does not require a permit for a replacement door installed in an existing opening.
Dean's motion for reconsideration was granted by the trial court on January 4, 1999. A second trial was then had on May 26, 1999. The result of this trial was identical to the first trial's outcome; the trial court entered judgment for FHI in the amount of $871 with interest at the rate of 10% from November 18, 1998 plus the costs of the action. At Dean's request, the trial court issued findings of facts and conclusions of law documenting the factual determinations underlying its decision. Dean timely filed the within appeal from the decision of the trial court.
The appellant assigns one error for this court's review. The appellant's assignment of error states:
 THE TRIAL COURT ERRED IN GRANTING JUDGMENT AGAINST DEFENDANT.
This assignment of error essentially asserts that the verdict of the trial court was against the manifest weight of the evidence. Article IV, Section 3(B)(3) of the Ohio Constitution authorizes appellate courts to assess the weight of the evidence independently of the fact-finder. Thus, when a claim is assigned concerning the manifest weight of the evidence, an appellate court has the authority and the duty to weigh the evidence and determine whether the findings of * * * the trier of fact were so against the weight of the evidence as to require a reversal and a remanding of the case for retrial. State ex rel. Squire v. City of Cleveland (1948),150 Ohio St. 303, 345.
The standard for reviewing whether a civil judgment is against the manifest weight of the evidence was established in the syllabus of C.E. Morris Co. v. Foley Constr. Co. (1978), 54 Ohio St.2d 279,280 wherein the court held:
 Judgments supported by some competent, credible evidence going to all of the essential elements of the case will not be reversed by a reviewing court as being against the manifest weight of the evidence.
If competent, credible evidence is present, a reviewing court will not reverse the trial court's judgment. Fijalkovich v. W. BishopCo., Inc. (Sept. 18, 1997), Cuyahoga App. No. 71725, unreported.
Although we have independently reviewed the evidence, as we are required to do when evaluating a manifest weight of the evidence assignment of error, we decline to substitute our judgment for that of the trial court, which had a superior opportunity to observe the witnesses when it determined the credibility and weight to be given to their conflicting testimony.
Competent, credible evidence was presented at trial going to all of the essential elements of FHI's case. FHI introduced as exhibits several signs from its showroom which stated in large bold lettering that, in the installation of replacement doors, the new threshold is installed over the existing threshold and that the existing threshold is not removed. There was also a letter introduced from a representative of Joyce Manufacturing Company, a manufacturer of replacement doors, stating that:
 When a replacement entry door is installed, it is installed inside of the original opening. The new aluminum or wood threshold is normally installed right over the existing sill.
In its findings of facts and conclusions of law, the trial court stated that:
 Defendant had nothing to offer from an architect, engineer, building codes, contractor, or any other source as to the standards regarding threshold height. The only evidence offered by Defendant was letters from neighbors who gave an opinion that the threshold was too high.
 That testimony was given no weight as none of the neighbors had any expertise in the matter.
* * *
 Information received from Robert Jackson, Olmsted Falls Building and Zoning Administrator, was that he did not see the installation. * * *
 Mr. Jackson could point to no building code, architectural standards or any other standard of the building industry. This sort of speculation is of even less value than a layman's opinion since a professional should be able to back up his opinion with some standards or practices.
 Defendant offered nothing beyond personal opinion and speculation. Plaintiff prevailed by a preponderance of the evidence.
Having weighed the evidence in this case, this court cannot conclude that the decision of the trial court was against the manifest weight of the evidence. Although Dean offered some evidence that the threshold in question was higher than the industry norm, she did not offer sufficient evidence that this condition was caused by negligent workmanship on the part of FHI. FHI presented evidence that it installed the new threshold directly on top of the old threshold, as is standard for replacement doors. FHI communicated to Dean in advance of the installation that this was the method of installation to be utilized. If Dean was concerned that this method would result in a hazard, she could have arranged to have the existing threshold completely replaced prior to installation. The evidence at trial tended to indicate that the parties did not contemplate that a new threshold would be installed as part of the agreed upon purchase price of the replacement door. Therefore, the trial court did not err in finding for FHI for the total contract price.
For the foregoing reason, the appellant's assignment of error is overruled.
It is ordered that appellee recover of appellant its costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Berea Municipal Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
 ___________________________ MICHAEL J. CORRIGAN, JUDGE
 DIANE KARPINSKI, P.J., and ANNE L. KILBANE, J., CONCUR.
[1] We note that in the notice of appeal appellant has spelled her name Karen. This opinion refers to appellant as Caren because that is how her signature appears on appellant's brief.
[2] In his findings of fact and conclusions of law the trial judge stated that had the door not been removed prior to trial, he would have visited the premises and made his own evaluation as is his custom in these sorts of cases.